Filed 5/13/14  P. v. Mohamed CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EHAB ALY MOHAMED,<br><br>    Defendant and Appellant. | B251263<br><br>(Los Angeles County<br>Super. Ct. No. SA083536) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed as modified.

Ehab Aly Mohamed, in pro. per.; and Debra Fischl, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Ehab Aly Mohamed was detained by police after he attempted to open a checking account at U.S. Bank with a fraudulent Bank of the West cashier's check. Text messages on Mohamed's cell phone revealed he had previously engaged in similar attempts to negotiate fraudulent checks. Mohamed was arrested and charged in an information with forgery (Pen. Code, § 476),[1] identity theft (§ 530.5, subd. (a)) and burglary (§ 459). Mohamed pleaded not guilty.

Prior to trial, Mohamed filed motions to suppress evidence (§ 1538.5) and to set aside the information (§ 995), which the trial court heard and denied. A jury convicted Mohamed of forgery and burglary, but acquitted him of identity theft. The court sentenced Mohamed to the middle term of two years in county jail for forgery and stayed sentencing for burglary pursuant to section 654. The court awarded Mohamed presentence custody credit of 324 days (171 actual days and 171 days of conduct credit). The court ordered Mohamed to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $280 restitution fine. The court also imposed and stayed a parole revocation fine pursuant to section 1202.45. Mohamed timely appealed.

## DISCUSSION

We appointed counsel to represent Mohamed on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On February 7, 2014, we advised Mohamed he had 30 days within which to personally submit any contentions or issues he wished us to consider. On February 26, 2014, we received a handwritten supplemental brief and sworn declaration in which Mohamed challenged his conviction on the ground of ineffective assistance of counsel.

We have examined the entire record and are satisfied Mohamed's counsel has complied fully with his responsibilities on direct appeal and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756];

---

[1] Statutory references are to the Penal Code.

*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The record on appeal fails to demonstrate Mohamed's defense counsel provided ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) Any issues raised by the supplemental declaration cannot be considered on appeal.

Because Mohamed was not sentenced to state prison, and thus not subject to parole, the parole revocation fine is stricken as improperly imposed. (See § 1202.45, subd. (a).)

## DISPOSITION

The judgment is modified to strike the imposed and stayed parole revocation fine. As modified the judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.